The opinion of the Court was delivered by
Cheves, J.
The first motion in this case is for a new trial, and this on one ground, viz., because the facts necessary to support the charge of *332 perjury, were not supported by two clear, distinct and positive witnesses, but the utmost that was proved, was, either, that the magistrate who drew the affidavit misunderstood the deponent, or that the deponent misunderstood the magistrate when he read the affidavit to him. This ground implies, that two distinct and positive witnesses are necessary to prove the perjury. Now, “ it does not *appear to have been laid down, that two witnesses are necessary to disprove the fact sworn to by the defendant; nor does that appear to be absolutely necessary.” “ One witness is, indeed, not sufficient.” “ In addition to liis testimony, some other independent evidence ought to be adduced.” Phillips on Evid. 107. Nor is any other testimony necessary in a case of perjury than in other cases, except to disprove the fact sworn to by the defendant : that he did take the oath, and the terms of the oath, may be proved by one witness. It is the falsehood only of the oath which requires more proof. But it is only that the acquiescence of the Court may not be inferred in the law, as the ground of the motion appears to imply it to be, that any notice of the law is taken in this case. For it is only necessary to read the evidence to show, in the words of the motion, that two clear, distinct and positive witnesses proved the several facts of the taking of the oath, and the falsehood of the oath. On the ground stated, therefore, a new trial cannot be granted.
But although it is not stated in the notice, there is another ground[1] which was stated in argument, of which the Court deem it just to give the defendant the benefit, viz.: That it appeared from the evidence, that the magistrate having taken the oaths of qualification before one of the associate judges, who had no power to administer them, was not duly qualified, and had no authority .to administer the oath on which this perjury is assigned. This objection was not taken at the trial, nor in the grounds stated in the notice of the motion; and it was, therefore, contended, that the defendant ought not to have the benefit of it at this stage of the case. But it is the practice of the Court to allow any objections, growing out of the merits of the case, except objections to the competency of the testimony,[2] which must be made before the case goes to the jury, to be made in this Court, provided they are taken in the notice, whether in civil or criminal cases : and in criminal cases, where the substantial merits of the *case require it, they will be unwilling to stop even there. Thus in this case, though the objection under consideration is not contained in the notice, they think the defendant ought to have the benefit of it. The sufferer ought to be the victim of the law, and not of accident or inadvertence. This objection, then, is before the Court, and they think it well founded. The Act of Assembly of 1778,[3] 1 Brev. Dig. 469, P. L. 301, enacts that magistrates “shall, before they enter upon the execution of 'their office, be duly qualified before his Excellency the President or Governor and Commander-in-Chief of this State, as the case may be, or before commissioners to be duly authorized and appointed by him for that purpose by taking the oath,” &c. By an Act passed in 1800,[4] 2 Brev. Dig. 87, it is enacted, “ that it shall and may be lawful to and for any two justices, one of whom shall be of the quorum, to administer to any person the oath or oaths of office,” &c. These are the only Acts on the subject. They give *333 no power to th% judges, and if any could have been implied, the Act of 1778 took it away, by expressly requiring, that every magistrate, before he entered upon the execution of his office, should be qualified before the Governor, or Commissioners appointed by him, for that purpose. I know that magistrates have frequently qualified before judges of this Court, but it appears to have been founded in error. It is supposed, that the Governor may formerly have commissioned the judges for this purpose, and that, under that authority, they first exercised the power; and that afterwards, not adverting to the origin of the practice, they continued it, as one of the supposed inherent functions of their office. Be this as it may, it appears sufficiently evident that they have no such power, and therefore that the magistrate, who took the affidavit, on which the perjury in this case is assigned, had not been duly qualified, and consequently was not authorized to administer the oath ; of course it cannot support the legal charge of perjury, and on this ground there must be a new trial.[1]
*As the point decided must necessarily put an end to the case, it would be unnecessary to consider the grounds in arrest of judgment, but as they go to the foundation of indictments for the offence of perjury, that the opinion of the Court may be known on the subject, as a guide in future cases, the Court thinks it fit to consider them. They are,
1. Because the indictment being at common law, it should have set forth the words, charged, to be false, literally, and not in part, and should have set forth the whole affidavit; whereas, the indictment is formed according to the provisions of the statute of 23 Geo. 2, ch. 2, which is not of force in this State.
2. Because the indictment does not aver, that the words charged to be false were sworn before any person or tribunal in a judicial proceeding, and does not set forth the commission or authority of the person who administered the oath; neither does it appear that the person who administered the oath was a magistrate of the State, all which are necessary in indictments at common law.
3. Because the indictment states the words to have been sworn upon an “information,” entitled “State of South Carolina, Charleston district, sworn to before me, this 20th March, 1817, J. H. Mitchell, Q. U.,” whereas, in fact, no such information was ever taken, nor was such information proved; but another and different one was given in evidence.
4. Because the indictment does not allege that the words charged as false, were material, or in any way necessary upon the information, nor does it appear from the words themselves, that they were material.
The first and second grounds are both founded on the admission, that the indictment in the particulars to which they relate, would be good under the statute of 23 Geo. 2, ch. 2. That statute is not of force in this State. But it appears to the Court, that that statute was rendered necessary only by a series of precedents. It is a part of the essence of judicial justice, that it should be administered under precise established forms of proceedings and pleadings, which are in themselves no otherwise essential, (I mean in the abstract, as distinguished from the substantial observance of them,) than as they establish, on the authority of a previous practice, the nature and certainty of the points *334 in issue.'' The precedents of indictments for perjury were prolix and embarrassing, bat although - more sensible and simple forms would have originally been wise, yet, a series of precedents had made them the law of'the Courts: Thestatute of- Geo. 2, was passed to authorize a dépar.ture from them. In this State, the Court believes the precedents have'been according to'the forms which were authorized in the English Court's,''by the statute of Geo. 2,[1] although that statute is not of force iu this State. -The precedents of our own Courts support the indictment in this case on the grounds' now under consideration, and the question depends altogether on precedent, unless it could be shown that the indictment does not contain so much as is essential to all indictments. This has not’been even argued by the counsel for the motion on the grounds now before the Court. The first and second grounds in arrest of judgment, are not therefore sustained. •
Hunt, and Heath, for the motion. Hayne, Attorney-Gen eral, contra.
3.. This ground, if true; as stated, cannot support a motion in arrest of judgment. It'does not appear on the record,[2] but grows out of the evidence. • ■ It states that the evidence did not support the indictment in point of fact. • If it were necessary to the justice of the ease, in a criminal case, the Court would give the defendant the benefit of if, on the question of a new trial, but a new trial is already granted on other grounds. It is proper to remark, however, that it is not a point, if the case turned on it, in whichthe Courtwould invert and transfer the grounds of distinct and dissimilar motions. It is more a point of strictness, viz.,-the absence in the affidavit given in evidence of the caption or heading, which the indictment recites.
4- This ground, I think, has been sustained. *It is undoubtedly necessary, that it should appear, on the face of the indictment, that the false allegations were material[3] to the matter in issue. But it is not necessary to set forth all the circumstances which render them material ; the simple averment that they became and were so, will be sufficient. 2 Chitty on Crim. Law, 309. King v. Aylett, 1 T. R. 69. King v. Dowling, 5 T. R. 318. King v. Crossley, 1 T. R. 315. The materiality is not averred in' this indictment, and therefore it is not necessary to inquire, whether it appears otherwise from the face of the indictment ?[4] It appears from the indictment, that the affidavit was made to charge a felony on Morrison, and the affidavit states, that at a particular time and place, “the deponent saw'John Morrison open certain bundles and bags, and take'the goods therefrom, and place them iu saddlebags, and put them on two horses; Morrison rode one horse, and that they (meaning'Morrison and another person,) proceeded towards Hibben’s Ferry.” These acts, unless they be referred to some acts of guilt, are, in themselves, perfectly innocent, and the indictment does not make any such reference. ‘ The words, therefore, do not appear on the face of the indictment to be material, either by averment, or by the context of the indictment, or by their own import.
The motion in arrest of judgment, consequently, ought to have been granted on this' ground, had it not been superseded by the judgment of the Court, on'the motion for a new trial.

 Ante, 425; 1 Hill, 75.

 Ante, 287.

 4 Stat. 457.

 5 Stat. 381, § 5.

 See 2 N. & Me. 357; Act of 1819, 6 Stat. 116; Act of 1839, 11 Stat. 13, § 2. Also, Act 1791, 7 Stat. 269, § 14; Harp. 101.

 See 2 Rich. 401.

 Ante, 425.

 10 Rich. 154; 2 N. & McC. 118.

 Ante, 291.